# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ALLEN H. TAPP**
**United States Army, Appellant**

ARMY 20130776

Headquarters, 7th Infantry Division
Jeffrey D. Lippert, Military Judge
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert H. Meek, III, JA (on brief).

For Appellee:  Major A.G. Courie, III, JA; Major John K. Choike, JA; Captain John Gardella, JA (on brief).

23 October 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of possession of child pornography, as defined by 18 U.S.C. § 2286(8), and three specifications of communicating indecent language to a child under the age of sixteen years in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement of thirty-six months, and a reduction to the grade of E-1.  The convening authority only approved so much of the sentence providing for a bad-conduct discharge, confinement for fourteen months, and a reduction to the grade of E-1.  Although the terms of a pretrial agreement capped confinement at fifteen months, the convening authority approved only fourteen months confinement due to the delays in the post-trial processing of the case.

TAPP—ARMY 20130776

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which lacks merit. However, we have identified two issues that warrant discussion, one of which warrants relief.

The first issue involves delays in appellant's post-trial processing. The convening authority took action 253 days after the sentence was adjudged. The actual trial transcript is only 138 pages. The record is silent as to the government's reason for taking this long to complete post-trial processing. The convening authority, in reducing appellant's sentence to confinement by one month to "…compensate for the delays in the post-trial processing of this case" nonetheless conceded the unreasonableness of this delay. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of appellant's sentence in light of this excessive delay. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts] must determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006; *United States v. Ney,* 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo,* 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

Upon examining the entire record, including appellant's Rule for Court-Martial 1105 submission and the action by the convening authority, we find relief is not warranted. Any appearance of harm caused by the government's delayed post-trial processing was ameliorated by the convening authority's action in approving only that portion of appellant's sentence to confinement extending to fourteen months.

The second issue involves Specification 1 of The Charge wherein appellant pleaded guilty by exceptions and substitutions to knowingly possessing ninety-five images of child pornography.[1] These images were sealed in the record of trial as attachment 1 to Pros. Ex. 1, the stipulation of fact admitted at trial. We have determined five of these images are in fact duplicates of other images contained in this attachment.[2]

Accordingly, we will replace the words "ninety-eight" as they appear in Specification 1 of Charge I with the word "ninety" in our decretal paragraph.

---

[1] General Court-Martial Order Number 11, dated 21 April 2014, incorrectly reflects that appellant pleaded guilty to possession of ninety-eight images of child pornography. This error will be corrected in conjunction with the relief specified in our decretal paragraph.

[2] Images with the file names 0021.jpg, 0022.jpg, 0027.jpg, 0048.jpg and 0018-1.jpg are duplicates of 0011-1.jpg, 0016-1.jpg, 0013-1.jpg, 0010-1.jpg and 0026-1.jpg, respectively.

TAPP—ARMY 20130776

## CONCLUSION

On consideration of the entire record we affirm only so much of Specification 1 of The Charge as provides,

> In that, Private First Class (E-3) Allen H. Tapp, U.S. Army, did, at or near Joint Base Lewis-McChord, Washington, on or about 18 April 2011, wrongfully and knowingly possess ninety images of child pornography as defined by Title 18 United States Code Section 2256(8), such conduct being of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winklemann,* 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence.

In applying the *Winklemann* factors, our decision does not result in a change in the penalty landscape or exposure because appellant's maximum punishment remains the same. *Id.* at 15-16. Additionally, appellant chose sentencing before a military judge alone. We are confident as judges of this court in gauging the sentence the military judge would have adjudged. *Id.* at 16. Further, this correction does not change the gravamen of the offenses. Appellant remains convicted of a specification of possessing child pornography and three specifications of communicating indecent language to a child under the age of sixteen years in violation of Article 134, UCMJ. *Id.* A finding of guilty as to five fewer images does not mitigate the seriousness of the appellant's offenses when viewed in their totality. Finally, this court reviews a substantial number of courts-martial involving child pornography and communication of indecent language to a child under the age of sixteen years. We have extensive experience and familiarity with such cases to reliably determine what sentence would have been imposed at trial. *Id.*

The sentence is AFFIRMED. All rights, privileges, and property of which appellant has been deprived by virtue of the findings set aside by this decision, are hereby ordered restored.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court

3